MURIEL H. WURTS-DUNDAS, CENTRAL UNION TRUST CO. OF NEW YORK, GUARDIAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26518.  Promulgated October 11, 1929.

*William M. Williams, Esq.*, and *E. B. Quiggle, Esq.*, for the petitioner.

*R. W. Wilson, Esq.*, for the respondent.

OPINION.

MORRIS: The sole question for determination is whether the respondent incorrectly disallowed the sum of $25,011.75 as a deduction in the computation of net income representing attorneys' fees paid by the guardian herein out of the moneys belonging to its ward, the petitioner, in 1923.

Section 214 of the Revenue Act of 1921 provides, in so far as it is material to the issue here:

(a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered \* \* \*.

The respondent contends that the expenditure here in controversy was for defending title to property, is a capital expenditure, and that, therefore, *Phoenix Development Co.,* 13 B. T. A. 414, is controlling. In that case the petitioner deducted from its gross income an amount paid as legal expenses in defending its title to valuable lands in Texas, which deduction was disallowed by the respondent and his action was approved by this Board on the ground that the cost of defending title to property is a capital expenditure.

In connection with the proposition urged by the respondent it is well to observe the distinction in facts between the case relied upon and the facts of the instant case. There, the petitioner incurred expenses in the defense of its title to capital assets. Here, it was the income and not the corpus of the estate which was in question. Furthermore, the action out of which this expenditure arose was for a judicial settlement of the trustees' accounts and for a construction of the will, and not an attempt to divest the petitioner of property which she already owned or claimed any title to.

In *Marshall Field*, 15 B. T. A. 718, a case involving the deductibility of money paid attorneys for obtaining a decree, resulting in the receipt of income which he otherwise could not have received, the Board held that under the peculiar circumstances there the payment should be deducted in the computation of net income for the year in which made.

In reaching its conclusion there, the Board reviewed and discussed several cases involving the deductibility of fees paid for legal services, and in all of them where the acquisition of capital assets or the litigation of matters appertaining to assets of a purely capital nature, were involved, the expenditures were held to be capital and, therefore, not deductible. In *Frederick McLean Bugher et al., Executors*, 9 B. T. A. 1155, where this question was involved, the Board said:

\* \* \* It is our opinion that to the extent that such payments related to the rights of the taxpayers to retain the income or enlarge their share in the income of the mine, they are deductible; while to the extent that they represented expenditures made to acquire Loudon's interest in the mine or to enlarge their own interests as against the McLean estate, or to defend their title to the mine, such payments are in the nature of capital expenditures to be added to the other costs of the property and recovered as are such other costs. \* \* \*

The amount paid by the guardian here was not in the defense of title to property nor to contest the rights of others to the corpus of the estate, but solely to insure the proper construction of the will and a correct distribution of the income of the estate to the petitioner thereunder. It was, therefore, an expense and not a capital expenditure.

That it was " ordinary and necessary " we believe admits of no reasonable doubt. The stipulated facts entered into between the parties were to the effect that it was " necessary to employ attorneys to represent it in its said capacity as guardian of the property of the said Murial H. Wurts-Dundas," therefore, it follows as a corollary that it was necessary to pay fees exacted therefor. In *Kornhauser* v. *United States*, 276 U. S. 145, the court, in holding that attorneys' fees paid in defending an accounting suit brought by a former law partner, respecting shares of stock received for professional services performed by him, as the partner alleged, during the existence of the partnership, were deductible in the computation of net taxable income, said:

\* \* \* And it was an " ordinary and necessary " expense, since a suit ordinarily and, as a general thing at least, necessarily requires the employment of counsel and payment of his charges. \* \* \*

We are, therefore, satisfied that the amount in question was an ordinary and necessary expense. It, therefore, remains for us to de-

termine whether it was paid in connection with a " trade or business " within the meaning of the statute.

In *Thomas H. Franklin et al., Executors*, 11 B. T. A. 148, where the petitioner claimed that an amount paid to a temporary administrator and his attorneys for services was an ordinary and necessary expense of carrying on the business of the estate and, therefore, deductible, the Board said in sustaining that contention:

We have heretofore had occasion to consider in this same connection commissions and fees similar to those involved in this proceeding and we have held that where expenses are paid or incurred in preserving an estate over a period of years, in making sales and collections, and in doing other things which are necessary for the maintenance of the estate and the production of income, the expenses are ordinary and necessary in carrying on the business of the estate and are deductible from income. See *Grace M. Knox et al., Executors*, 3 B. T. A. 143; *William W. Mead*, 6 B. T. A. 752; *Henrietta Bendheim*, 8 B. T. A. 158, 164; and *George W. Seligman, Executor*, 10 B. T. A. 840.

* * * However, the weight of the evidence supports the contention that the amounts paid were reasonable compensation for personal services actually rendered in preserving and maintaining the estate and in producing income from it during the year, and our judgment is for the petitioner.

In *Florence Grandin*, 16 B. T. A. 515, where the Board held amounts paid by trustees to attorneys for services in prosecuting a claim for the refund of taxes were deductible it said:

It may be safely stated that it was the intention and expectation of the testator, in creating the trust under consideration, that it would produce income for the use and benefit of each *cestui qui trust*, and it was the duty of the trustees to manage it, if possible, so that result would be obtained. To that extent, at least, the trust may be considered as a business. And it was as much the duty of the trustees to preserve and protect the trust property from losses as it was to produce income, and equally important in its effect upon the beneficiaries. In this case the estate had been compelled to pay taxes which the trustees believed and which were subsequently proved to be excessive in amount, and the trustees, in the proper exercise of their duties, employed counsel to prosecute a claim for the recovery of the tax that they considered to have been unlawfully exacted. They recovered not only the taxes that had been paid, but also interest in the amount of $8,000, which interest was income to the trust. It is our opinion that the fees paid to the attorneys constituted an ordinary and necessary business expense within the meaning of section 214 of the Revenue Act of 1921, and a proper deduction in computing the net income of the trust.

In the light of the cases in which similar deductions have been allowed trusts, reference to the section of the statute under which the guardian here prepared and filed a return of income for the year in controversy may prove helpful. Section 219 of the Revenue Act of 1921 provides:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

* * * * * * *

(4) * * * Income, collected by a guardian of an infant to be held or distributed as the court may direct.

* * * * * *

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212 * * *.

Section 212 referred to in section 219 (b) above defines net income to mean "the gross income as defined in section 213, less the deductions allowed by section 214."

Thus it will be seen that the statute makes no distinction between trustees as such and guardians of infants in so far as allowable deductions are concerned. In *Florence Grandin, supra,* where the trustees paid attorneys' fees for services in prosecuting a claim for the refund of taxes, we said "To that extent, at least, the trust may be considered as a business," and furthermore, "that the fees paid to the attorneys constituted an ordinary and necessary business expense within the meaning of section 214 of the Revenue Act of 1921, * * *."

In *Frederick McLean Bugher, supra,* we said, in reaching the decision on a similar question, "that to the extent that such payments related to the rights of the taxpayers to retain the income or enlarge their share in the income of the mine, they are deductible * * *."

If a trust can be considered a business for the purpose of claiming a deduction under the law, there is no plausible reason why a guardianship may not also be so considered. Both are in the same fiduciary capacity and perform, generally speaking, the same duties. We can find no reasonable distinction between the deduction claimed here and those which have been allowed in the cases hereinbefore discussed, and we, therefore, conclude that the respondent erred in disallowing the deduction claimed. See, also, *Mary D. Moore Holifield,* 7 B. T. A. 1302.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*