GERTRUDE D. WALKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35086. Promulgated September 24, 1930.

*Henry T. Dorrance, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

938

944

OPINION.

VAN FOSSAN: The first issue is whether or not the amounts paid by the petitioner to her attorneys in the years 1922, 1923, 1924, and 1925 are deductible under the provisions of the revenue acts applicable.

It is apparent from the provisions of the last will and testament of William Hall Walker, deceased, as set forth in the findings of fact, that the testator conferred upon the trustees of his estate large discretion with respect to the management and sale of the securities which after his death became a part of the residuary trust and the so-called "Brookside Trust." Admittedly, the trustees, in the exercise of their best judgment and discretion, had the legal right to sell or to continue to hold the securities. The trustees chose to exercise this discretionary power of sale with respect to a large block of Eastman Kodak Co. stock. The petitioner complained of this exercise of their power. The trustees also performed certain

other acts related to the administration of the trust to which the petitioner objected. She, therefore, retained attorneys who advised her, made extensive investigations on her behalf and initiated and prosecuted a proceeding in the name of the petitioner against the trustees in the Surrogate's Court of the County and State of New York.

Even if there were sufficient evidence in the record of the present proceeding to enable us to determine the merits of the controversy between the petitioner and the trustees of the estate left by her father, it is not within our province to make such a determination. The merits of that controversy are before the courts of the State of New York for solution. The sole question before us in regard to these court proceedings and to the consultations and investigations preliminary thereto is whether or not the sums of money paid to her attorneys covering fees and expenses, are deductible from income for the taxable years in which they were paid.

The litigation in the Surrogate's Court of New York County is a proceeding which, in effect, charges the trustees with maladministration of the estate of William Hall Walker, deceased. If the litigation were successful the court would charge back to the trustees a large amount of money, claimed by the petitioner to have been lost to the estate because of the said alleged maladministration. There would also result, in the event of such success, a shifting of some of the assets of the estate to the residuary trust from the " Brookside Trust," a half interest in the surplus income of which latter trust the petitioner is entitled to in any event under the provisions of her father's will. The success of the proceeding would not, however, create for the petitioner any new rights. Her sole right is a right to income from the capital assets of the trusts established by her father's will. And whatever the capital value of said trusts at any time may be, that right, which was created by the will of petitioner's father, is not dependent upon her success or failure in the proceeding in the surrogate's court. That right can not be enlarged by a final decree in the said proceeding. Nor would the success of the proceeding create for petitioner any new source of income. So far as her income is derived from her father's estate, the source of that income is the estate itself, however much the assets of that estate may vary in amount and value from time to time. It is true, of course, that the proceeding in the surrogate's court, if successful, would result in increasing the capital assets of the estate available to produce income for the petitioner. But we do not consider that it necessarily follows that the amount paid to petitioner's attorneys for fees and expenses in respect to the prosecution of the proceeding and the investigations preliminary thereto is

therefore deductible from the income of the petitioner either in the years in which paid or otherwise.

Under the will of William Hall Walker, deceased, it was the business of the trustees to administer the estate left by him and to pay over the net income of the several trusts to the beneficiaries entitled thereto. It is apparent from the will that the testator intended that his daughter should be a "passive recipient" of the income he provided for her (*Marion Stone Burt Lansill et al.*, 17 B. T. A. 413), and should not be burdened with the management of any part of his estate. If, of her own motion or acting on legal advice, she chose to challenge the good faith, or the sound judgment of the trustees or the exercise of their discretion in the management of the estate, such challenge and all proceedings connected therewith must be considered as personal to the petitioner and all expenses growing out of such challenge or legal proceedings connected therewith are the personal expenses of petitioner and are not deductible from income under any section of the statute. If it be said that petitioner's income—her property—had been depleted through waste of the capital assets of the estate by the trustees and that the proceedings brought by her were necessary for the protection of her property, then the reasoning contained in *Commissioner* v. *Marshall Field*, 42 Fed. (2d) 820, is in point. "Expenses of this sort must fall within those general costs of protecting one's property for which the statute makes no allowance." Nor does the fact that the proceedings in the surrogate's court might possibly result in increasing the capital assets of the estate, thereby increasing petitioner's income, render petitioner's prosecution of such proceedings a business, the expenses of which are deductible under the provisions of section 214(a)(1) of the Acts of 1921, 1924, and 1926. In order to bring petitioner's activities in respect to her objections to the administration of the estate of her father within the purview of that section, it would be necessary to stretch the definition of the words "trade or business" beyond their legal intendment. Petitioner argues that in some instances, such as *Frederick McLean Bugher*, 9 B. T. A. 1155, we have held that fees paid to attorneys for services in actions in the courts were deductible. However, in such cases the facts were peculiar and unusual and clearly distinguishable from those of the present proceeding. Petitioner contends also that this Board has allowed the deduction of fees paid to attorneys for services rendered in proceedings related to the administration of estates and that the proceeding brought by the petitioner in the Surrogate's Court of New York County concerns the management of the estate of petitioner's father, citing *Thomas H. Franklin et al.*, 11 B. T. A. 148; *Florence Grandin*, 16 B. T. A. 515; *Muriel H. Wurts-Dundas*, 17 B. T. A. 881. Those proceedings, however, related

to the deduction of attorney's fees paid by fiduciaries, and we based our decisions in the proceedings on the proposition that under the law it is the duty of fiduciaries to protect the interests and income of the estates committed to their care; that so far as such protection is a duty it is the business of the fiduciaries, and that therefore any expenses, including attorneys' fees, properly incurred are expenses incurred in carrying on a business. It is manifest, therefore, that the decisions referred to are not applicable to the facts of this proceeding. We are, therefore, of the opinion that the payments to attorneys now under discussion were not proper deductions from petitioner's income.

There remains for our consideration under the first issue the question of the deductibility from income of the sum of $3,000 paid to a firm of attorneys in Utica, N. Y., in connection with the purchase by petitioner of stock in the Curtis Adams Sanatorium, in which she was a patient. We think it is clear from the facts that this expenditure constituted a part of the cost of the property purchased and it is, therefore, not deductible from income.

The second question is whether the petitioner is entitled to make a deduction from income on account of depreciation of the premises known as 23 West 54th Street, New York City. This property had been used as a home by petitioner's father and was purchased by her from the trustees. Though probably purchased with the hope of profitable resale, the property was used for no purpose during the taxable years.

To be allowable depreciation must have occurred to property " used in a trade or business." The evidence does not indicate that this property was so used or that, in fact, petitioner was engaged in any trade or business. We must, therefore, disallow the deduction.

The remaining issues are whether a portion of the salaries paid to petitioner's secretary and bookkeeper and the sums paid annually for the rent of an office by petitioner are deductible.

Admittedly, a large part of the time of the secretary and bookkeeper was occupied in matters which were purely personal affairs of the petitioner. It is claimed, however, that the time spent by the secretary and bookkeeper in matters connected with the investigation of the sale of the Kodak Co. stock by the trustees of the estate of petitioner's father and in matters related to the management of the so-called " Brookside Trust " was spent on account of a trade or business carried on by the petitioner.

We have already determined that the investigations into the sale of the Kodak Co. stock and the prosecution of the proceeding in

the Surrogate's Court of the County of New York did not constitute a business carried on by petitioner. In our opinion the same conclusion must be reached with respect to the activities engaged in by the petitioner's secretary and bookkeeper in reference to the management of the "Brookside Trust." In his will the petitioner's father expressly stated his desire that his daughter should be free from the burden of the responsibility of management of the "Brookside" property. It is quite natural, however, for a beneficiary under a will to exhibit a personal interest in the management of property held in trust for her. And the secretary and bookkeeper undoubtedly, at petitioner's behest, busied themselves to a very considerable extent in the affairs of "Brookside." But being busy about matters does not constitute such matters a business within the meaning of the statute. There is no evidence of weight that the trustees of the estate gave over the management of "Brookside" to the petitioner and no evidence that they did not continue to manage it in accordance with the duty imposed by the will of William Hall Walker. It is, therefore, to be inferred that "Brookside" continued to be managed by the trustees who qualified as such in the State of Massachusetts. While it may be true that the trustees received and acted on suggestions made by the petitioner or her secretary with reference to the management of "Brookside," and so acted as to decrease the expense of management and thereby increase the surplus income distributable among the beneficiaries of the estate, nevertheless it is obvious that the management was not the business of the petitioner within the meaning of the statute.

The facts show that the secretary and bookkeeper were employed by the petitioner in the conduct of a small lumber operation, but the amount of time spent by them in connection therewith appears to have been negligible and can not be determined from the proof.

Thus, even if it were held that in this respect petitioner was engaged in a trade or business, it would be impossible to determine the amount of the deduction allowable on account of part of the salaries paid to petitioner's secretary and her bookkeeper. Similarly, we can not allow, for want of proof of the allocable part thereof, any of the rent of the office occupied by petitioner and her employees. The evidence shows that by far the larger share of the activities carried on in the office were personal in nature. The deductions are not allowable.

Reviewed by the Board.

*Decision will be entered for the respondent.*