*156 OPINION.
Trammell:
The petitioner contends that for 1924, 1925, and 1926 it is entitled to take depreciation on the Cataula plant at a rate based on a useful life of four years, since at January 1, 1924, it was estimated that it had an available timber supply for four years, after which time the plant would have no useful life and only a negligible salvage value. The evidence shows that the actual life of plants of this kind is from four to five years and that where the available timber supply is exhausted in a shorter time such plants generally are of no further use and their salvage value is negligible, since it is not practicable to remove an old plant to another location. At the time the petitioner began operations at the Cataula plant in August or September, 1923, it estimated its available timber supply would be exhausted in about three to four years. On January 1, 1924, it was estimated that this timber supply would last approximately four years. At the end of 1926 the petitioner had at least a half-year’s timber supply. While during the years 1924, 1925, and 1926 the petitioner acquired timber, it was, with one exception, timber that it had expected to get when it began operations and was taken into consideration in determining depreciation deductions by *157 the petitioner. Considering the timber available on January 1, 1924, the petitioner estimated the useful life of its plant at that time to be approximately four years. The amount of timber acquired down to the end of 1926 was never sufficient to cause the petitioner to change the estimated useful life of its plant to a longer period than four years from January 1, 1924. By the acquisition in 1927 of the assets of the L. B. Saunders Lumber Company, it was able to get a supply of timber not theretofore available to it. On account of this and because of a change in the method of hauling lumber, as well as the improvement in the roads, the petitioner was enabled to continue its operations down into 1930.
In determining the amount of depreciation to which the petitioner is entitled for the years in controversy we must be guided by the facts known or reasonably anticipated in those years, and not on what has transpired since then. Colmer-Green Lumber Co., 12 B. T. A. 256; Hamilton Coal Mining Co., 17 B. T. A. 1339; Kehota Mining Co., 28 Fed. (2d) 995; affd., 30 Fed. (2d) 817; certiorari denied 279 U. S. 864. If the petitioner had known or could have reasonably anticipated in the taxable years that other timber was or would be available to it at or before the time it expected to exhaust the timber it had originally anticipated being able to get when it began operations at the Cataula plant, and that the period of operations would be extended, a lower rate of depreciation should be allowed than if conditions were otherwise. We are convinced by the evidence that during the taxable years the petitioner could not have reasonably anticipated that the timber which became available to it in 1927 and later years would ever become available to it. We therefore have found that for the taxable years here involved the petitioner is entitled to depreciation on its Cataula plant at an annual rate based on a useful life of four years.
The petitioner also contends that for 1924 it should be allowed a depreciation deduction of $2,000 representing the remaining unde-preciated cost of the Ellerslie plant at the beginning of that year, on the ground that the useful life of that plant terminated in such year. While the evidence is somewhat conflicting as to the use of the Ellerslie plant in 1924, we think the plant was abandoned in 1923 and have so found as a fact. Since the plant was abandoned in 1923, no deducation is allowable in 1924 for depreciation on it. To be deductible depreciation must have occurred to property “ used in a trade or business.” Gertrude D. Walker, 20 B. T. A. 937. This contention of the petitioner is therefore denied.

Judgment will be entered under Bule 50.