AUGUSTA BLISS REESE, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62424.   Promulgated December 14, 1933.

*Laurence Graves, Esq.*, for the petitioner.
*Elmer L. Corbin, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: Respondent determined a deficiency of $4,200.16 in petitioner's income tax for 1929.   The proceeding was submitted upon a stipulation of facts.

1. The first issue grows out of the facts contained in subdivision (2) of the stipulation, and since the respondent concedes that his determination was to this extent in error, it is unnecessary to set forth this part of the stipulation or to discuss the issue.

2. Another issue, growing out of the facts contained in subdivision (6), is disposed of favorably to petitioner by respondent's concession that his determination was erroneous, and this subdivision (6) is also omitted.

3. The remaining issues are twofold and arise from the following stipulated facts:

(1) The petitioner, Augusta Bliss Reese, is the beneficiary under a trust set up by the fourteenth clause of the will of her father, George Bliss, deceased, who died in 1896.   A copy of said will is attached hereto and marked " Exhibit A" and by reference made a part hereof.   The provisions of said fourteenth clause are as follows:

FOURTEENTH.—The sixth of said shares, designated as the share of my daughter, AUGUSTA, I give devise and bequeath to my said Executors, the survivors and survivor of them and their successors, IN TRUST, for the uses and purposes following, that is to say:

To retain and hold the said share as Trustees under this my will, with all the powers and authority hereinafter given to such Trustees; to invest and keep invested said share as and in the manner hereinafter provided; to collect and receive the rents, issues, income, dividends and interest of the said share; and after paying all taxes and assessments that may be imposed thereon, or any part thereof, and all other expenses incidental to the execution of the trusts hereby created, including the legal compensation of the trustees therein, to apply the net income of said share half-yearly, or as the same shall be received, to the use of my said daughter AUGUSTA during her natural life, and upon her death * * *

(3) In 1925 the trustees filed a petition in the Surrogates' Court of New York County for a judicial settlement of their accounts for the period from

February 1913 to January 1924 and objections to such petition were filed by attorneys for the petitioner upon the ground that certain cash and stock dividends allocated to principal in the trustees' accounts should have been paid to her as income beneficiary. On May 24, 1929 the referee's opinion and report were handed down awarding the petitioner as income beneficiary the following stock and cash dividends:

| | Received | Value When Received |
|---|---|---|
| *Stock Dividends* | | |
| 196½ Shares Louisville & Nashville Ry. Co | 1923 | $17, 488. 50 |
| 924 Shares Continental Insurance Co | 1916 | 46, 200. 00 |
| | | $63, 688. 50 |
| *Cash Dividends* | | |
| Phelps Dodge Corporation | 1917 | 21, 000. 00 |
| " " " | 1918 | 10, 500. 00 |
| " " " | 1919 | 5, 250. 00 |
| " " " | 1921–24 | 45, 689. 50 |
| Great Northern Iron Ore Co | 1918–23 | 3, 658. 37 |
| Quincy Mine Co | 1918–20 | 12, 510. 00 |
| North Star Mines | 1918–23 | 7, 776. 00 |
| | | $106, 383. 87 |

Of the foregoing cash dividends the Phelps-Dodge Corporation dividends received in 1917, 1918 and 1919 in the total amount of $36,750, were subject to Federal income tax.

(4) In 1929 the trustees paid $4,018.42 as referee's fees and expenses in connection with the litigation resulting in the referee's opinion and report referred to above, which has been disallowed by the respondent as a deduction in determining the amount of fiduciary income.

(5) In 1929 the petitioner paid her attorneys, Webb, Patterson & Hadley, $25,281.90 for their services in connection with the objections filed by her to the trustees' accounting, which has been disallowed by the respondent as a deduction in determining net income.

(7) The amount of dividends reported by the petitioner upon her return for 1929 was $249,727.71 and of this amount $130,082.68 represented the dividends received from the Trust under the Will of George Bliss and $119,645.03 represented dividends upon stocks owned by the petitioner personally. She maintains an office at 350 Madison Avenue, New York City, in which regular books of account are kept and which is under the general supervision of Mr. W. Willis Reese, her husband and one of the Trustees under the Will of George Bliss, and she employs an accountant, Mr. John J. Corell, who spends his entire time at such office engaged in the handling of her business affairs.

The respondent disallowed both (a) the deduction by the trustees of the referee's fee and expenses of $4,018.42, and (b) the deduction by petitioner of the lawyers' fee of $25,281.90, and these disallowances are assailed by the petitioner with the contention that they are within the statutory deduction of the Revenue Act of 1928, section

23 (a), "ordinary and necessary expenses paid and incurred during the taxable year in carrying on any trade or business."

(a) The petitioner's contention as to the referee's fee and expenses is apparently derivative from the trustees by whom they were paid and by whom, if any one, they are deductible. Thereupon, they would reduce distributable income and the amount thereof to be included in the income of the beneficiary petitioner. The disallowance of the deduction to the trustees thus serves to enlarge the distributable income which she includes in her individual gross income. She argues, citing *Muriel H. Wurts-Dundas*, 17 B.T.A. 881, and *Kornhauser* v. *United States*, 276 U.S. 145, that the administration by the trustees of the affairs of the trust was *per se* the carrying on of a trade or business, and that the accounting and defense thereof was a routine duty the expense of which was ordinary and necessary and hence a statutory deduction. Revenue Act of 1928, secs. 23 (a) and 162 (b).[1] The respondent defends his determination on the ground that these payments to the referee were in defense of the corpus of the trust and the remainder interest, and hence not an ordinary and necessary expense of carrying on trade or business.

Since the issue presented is in a proceeding brought by the beneficiary of distributable income, we are not called upon to consider directly whether the amount paid by the trustees to the referee is as to the trust a tax deduction reflected in its taxable net income. The statute imposes the tax directly upon the beneficiary in respect of distributable net income of the trust, but only to the extent of the petitioner beneficiary's distributable share thereof. The trust instrument expressly provides that all expenses "incidental to the execution of the trusts hereby created, including the legal compensation of the trustees therein," shall be first applied against the trust income

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

before arriving at the amount thereof to be distributed; and the petitioner thus could only receive a distributable share of the net income thus reduced. She is therefore not claiming a tax reduction under section 23 (a) applicable to herself in the determination of her individual net income, but that the amount which she is required to include in her gross income as her distributable share of the income of the trust is only the amount of trust income as reduced as above. While, therefore, there may be a question as to whether, if the trust income were taxable to the trustees, a deduction would be permitted to them of the referee's fee, that question is academic in this proceeding involving the extent of the beneficiary's distributable share of trust income. Cf. *Mary Helen Cadwalader*, 27 B.T.A. 1078. Under section 162 (b) it seems clear that the amount to be included in computing the net income of the beneficiary is the amount which the fiduciary may under the same subdivision deduct because distributed currently to the beneficiary. In our opinion, therefore, the amount to be included in the beneficiary's gross income by way of her distributable share of trust income may not include the $4,018.42 paid by the trustees to the referee before distribution.

(b) The $25,281.90 which the petitioner claims as a deduction has nothing to do with her distributable share of trust income. It represents an amount which she paid her lawyers to represent her in the contest of the trustees' final accounting. The simple question is whether amounts so paid are as to her ordinary and necessary expenses of carrying on a trade or business. There is nothing in the evidence to indicate that she was engaged in carrying on a trade or business. She was merely, so far as the record shows, a passive recipient of trust income. The facts that she maintained an office, hired an accountant and kept books do not prove a trade or business, and the extent of her income from the trust throws no light upon that question. As in *Commissioner* v. *Marshall Field*, 42 Fed. (2d) 820, the attorneys' fee is not among the deductions enumerated in the statute. If it be contended that a business is indicated by the last phrase of the stipulation, to the effect that the accountant was " engaged in the handling of her business affairs," there are two answers—one, we think it would be unreasonable to assume that by this phrase the parties intended to withdraw this issue from controversy, and, two, it is not shown that the business referred to in this phrase is one to which the lawyers' employment and fee had any direct relation. Assuming that the petitioner, aside from her interest in this trust, was actively carrying on some sort of trade or business, the nature of which is not disclosed in the stipulation, it would not follow that the lawyers' fee was properly deductible unless it was shown to be an ordinary and necessary expense of the business thus assumed. This has not been shown, but on the contrary it is

apparent from the evidence that the lawyers' fee was related only to the petitioner's interest in the trust. *Clara Hill Lindley*, 26 B.T.A. 741; affd., 63 Fed. (2d) 807; *Gertrude D. Walker*, 20 B.T.A. 937; affd., 63 Fed. (2d) 351; certiorari denied, 289 U.S. 746.

*Judgment will be entered under Rule 50.*