ESTATE OF JACOB S. HOFFMAN, HARRY I. HOFFMAN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73092. Promulgated November 30, 1937.

*Peter L. Wentz, Esq.*, for the petitioner.
*Elmer L. Corbin, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency of $3,448.92 in the income tax of the estate for the year 1930. The issue for decision is whether the estate is entitled to a deduction of $94,344.21 claimed on the return as a bad debt. The facts have been stipulated as follows:

Jacob S. Hoffman died testate, a resident of Chicago, Cook County, Illinois, on January 17, 1930, and petitioner, Harry I. Hoffman, is the duly qualified and acting Executor of the Estate of said decedent.

Prior to his death the decedent and another were co-guarantors of the obligations of a third party and were called upon to perform their obligation as guarantors. The decedent failed to pay his pro rata amount as co-guarantor, with the result that his co-guarantor, as guarantor, paid the entire amount guaranteed. At the date of his death the decedent was obligated to said co-guarantor for his contributory share on account of said guarantee in the amount of $65,891.18 of principal and $27,936.06 of interest, totaling $93,827.24.

After the death of said decedent no part of said sum was collectible from the primary debtor, with the result that petitioner, as Executor of the Estate of said decedent, was called upon to pay and did pay, pursuant to order of court, to said co-guarantor in 1930 $94,344.21, of which $65,891.18 was principal and $28,453.03 was interest, of which $516.97 had accrued subsequent to January 17, 1930, payment being made by the borrowing of funds by the executor. Petitioner deducted' said sum of $94,344.21 in his income tax return for the taxable year January 18 to December 31, 1930, as Executor of the Estate of said decedent. Both petitioner and decedent kept their accounts and made their income tax returns on the cash receipts and disbursements basis. Said decedent had never taken any deduction on account of said item in any income tax return.

Petitioner, in his estate tax return for the Estate of said decedent, deducted said amount of $93,827.24 from the gross estate in computing the net estate subject to estate tax. Said deduction was allowed for estate tax purposes.

Said deduction of $94,344.21 was disallowed for income tax purposes by respondent.

The petitioner, the estate, claims the right to deduct $94,344.21 as a loss. The estate is a different taxpayer from the decedent. It is entitled only to those deductions allowed in the statute. The statute allows deduction for losses sustained during the taxable year:

(1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

The petitioner has not been specific in its claim as to whether (1) or (2) above applies. But it is clear that (1) does not apply because there is no showing that the estate was engaged in any trade or business. The estate in no way benefited by the transaction. It is obvious that the loss was not incurred in any trade or business of the estate because it was an old debt at the date of the death of the decedent and had no relation to any activity of the estate.

Nor does (2) apply. This taxpayer came into existence at the death of the decedent. The decedent became indebted to his co-guarantor prior thereto. The obligation to pay did not result from any transaction entered into by the estate for profit. (2) refers to a transaction entered into *by the taxpayer* for profit. When this taxpayer came into existence it had a certain amount of capital. Its capital consisted of the net estate of the decedent. Money then due the estate was a part of that capital and its later receipt did not represent the receipt of income by the estate, although it would have been income to the decedent. *Nichols* v. *United States*, 64 Ct. Cls. 241; *Ernest M. Bull, Executor*, 7 B. T. A. 993; *Walter R. McCarthy, Executor*, 9 B. T. A. 525; *William K. Vanderbilt et al., Executors*, 11 B. T. A. 291; *E. S. Heller et al., Executors*, 10 B. T. A. 53; *Estate of A. Plumer Austin*, 10 B. T. A. 1055; *Ella C. Loose, Executrix*, 15 B. T. A. 169, affd., 74 Fed. (2d) 147; *Mellie Esperson Stewart*, 18 B. T. A. 1010. Debts owed by the estate at that time likewise have no effect upon the income of the estate when later they are paid,

although they might have been deductible by the decedent had he paid them. *John M. Brown, Executor*, 11 B. T. A. 1203; *Roy J. O'Neil et al., Administrators*, 31 B. T. A. 727; *Herbert G. Perry et al., Executors*, 32 B. T. A. 513; *Florence O. R. Lang et al., Executors*, 32 B. T. A. 522. It is only increases or decreases in the net estate with which this taxpayer started that affect its income.

The stipulation shows that the decedent owed principal and interest of $93,827.24 at the time of his death. Apparently this debt was then an old one, as is shown by the amount of the interest then due. Its amount was then fixed as is shown by the stipulation and by the fact that it was claimed and allowed as a deduction in determining the amount of the estate tax due. But however old the debt may have been, the present taxpayer took the estate of the decedent encumbered by this particular obligation in the amount of $93,827.24 and, had it paid no more than $93,827.24 in discharging the debt, it would have suffered no loss whatsoever. The amount which it paid included $516.97 of interest accrued after the death of the decedent. This was interest due from and paid by the estate and was in addition to the amount owed when the estate came into existence. The $516.97 is interest deductible by the estate from its income. Sec. 23 (b).

*Decision will be entered under Rule 50.*