DES MOINES TITLE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94349. Promulgated April 7, 1939.

*A. F. Schaetzle, Esq.*, for the petitioner.
*Hugh Brewster, Esq.*, and *Curtis Risley, Esq.*, for the respondent.

732

OPINION.

MELLOTT: Section 23 of the Revenue Act of 1934 provides that in computing net income there shall be allowed as a deduction, (1) "A reasonable allowance for the exhaustion, wear and tear of property used in a trade or business, including a reasonable allowance for obsolescence." A similar provision is contained in the Revenue Act of 1936 (49 Stat. 1648, ch. 690). The question for determination is whether or not a deduction of $5,000 per year may be allowed for obsolescence of the J. W. Hillis books.

It has been held, and we believe correctly, that an abstract plant may be a proper subject of a claim for obsolescence. This was the early ruling of the department (cf. I. T. 1775, C. B. II–2, p. 45); the view of the District Court for the Western District of Missouri as expressed in *Kansas City Title & Trust Co.* v. *Crooks*, 35 Fed. (2d) 351; and the holding of the Circuit Court of Appeals for the Eighth Circuit in affirming the decision of the District Court in *Crooks* v. *Kansas City Title & Trust Co.*, 46 Fed. (2d) 928. A similar holding was made by the District Court for the Eastern District of Pennsylvania in *Real Estate-Land Title & Trust Co.* v. *United States* (March 13, 1937), which the Circuit Court of Appeals for the Third Circuit reversed (*United States* v. *Real Estate-Land Title & Trust Co.*, 102 Fed. (2d) 582).

In *Rodeo-Vallejo Ferry Co.*, 24 B. T. A. 936, 940, it was said that there is nothing mysterious about obsolescence; that it is a factor widely present in all business; and that its existence is a fact to be established by evidence. It is a "state of becoming obsolete", a more or less gradual process. Cf. *Conley Tin Foil Corporation*, 17 B. T. A. 65, 73.

No rule of thumb may, or should be, laid down for the allowance of obsolescence. *V. Loewers Gambrinus Brewery Co.* v. *Anderson*, 282 U. S. 638; *Burnet* v. *Niagara Falls Brewing Co.*, 282 U. S. 648. The statute authorizes "a reasonable allowance"—such an amount as will, together with depreciation previously claimed and probable salvage value, be sufficient to replace at its original cost, the property which is becoming obsolete. Cf. *City of Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1; *United States* v. *Ludey*, 274 U. S. 295. Inasmuch as obsolescence is usually a more or less gradual process, it is proper that the allowance be spread over the years from the time the process begins until it is complete, *Columbia Malting Co.*, 1 B. T. A. 999; *Corsicana Gas & Electric Co.*, 6 B. T. A. 565. Complete obsolescence occurs when the property is no longer economically useful for the purpose for which it was acquired and can not be used for any other purpose. *Frederick C. Renziehausen*, 8 B. T. A. 87; affd., 31 Fed. (2d) 675; affd., 280 U. S. 387; *Tennessee Fibre Co.*, 15 B. T. A. 133, 140.

The statute limits the deduction to "property used in the trade or business." Neither depreciation nor obsolescence may be allowed if the plant, or the portion of the plant upon which the allowance is being claimed, has been abandoned. *Gertrude D. Walker*, 20 B. T. A. 937; affd., 63 Fed. (2d) 351; certiorari denied, 289 U. S. 746; *Alexander Brothers Lumber Co.*, 22 B. T. A. 153; *Buck* v. *Commissioner*, 83 Fed. (2d) 627. *United States* v. *Real Estate-Land Title & Trust Co.*, *supra*. In other words, if obsolescence is complete at the beginning of the taxable year, no allowance may be made under section 23 (l) *supra*, though it may be that a deduction in some amount may be allowed under some other section—e. g., section 23 (e), as a loss; but that question is not before us. Cf. *Red Wing Malting Co.* v. *Willcuts*, 15 Fed. (2d) 626; certiorari denied, 273 U. S. 763; *Charles E. Kaltenbach* v. *United States*, 66 Ct. Cls. 570.

At the hearing and upon brief petitioner relied solely upon *Crooks* v. *Kansas City Title & Trust Co.*, *supra*. In that case the taxpayer, in 1914, had acquired several abstract plants. Four were found to be inefficient. Taxpayer's officers, experienced abstract men, determined in 1921 that the four plants could not economically be kept up to date by making the daily postings and that by reason thereof the four plants would become obsolete within nine or ten years. Accordingly it deducted annually such a percentage of the cost of the plants as, spread

over the years up to complete obsolescence, would amount to the total cost of the four plants. The holding of the court that this was proper accorded with the ruling of the department, quoted in the opinion (I. T. 1775, *supra*) and is clearly sound.

But the facts in the instant proceeding are not analogous to those in the *Kansas City Title & Trust Co.* case. This petitioner in 1918 acquired seven sets of abstract books. Three of them were immediately discarded and petitioner charged off $42,651. In 1922 it took the Hastie-Carrell set out of its workroom and during the years intervening between that date and 1933 charged off $55,000. It charged off another $5,000 on its books for the year 1933, making a total charge-off of $102,651 for obsolescence for the years 1918 to 1933, inclusive. No opinion is expressed as to whether any or all of the charge-offs were proper. Our duty is merely to determine whether or not the deductions claimed in the taxable years are proper. We hold that they are not.

The president and secretary of petitioner, both experienced abstracters, were called as witnesses. The former when asked what was done with the J. W. Hillis books in 1933, stated that "they were stored in a safe place." When asked whether they had been kept up to date by daily postings he responded: "We have the material there in the office to make them current." He testified, however, that the continuances were kept in a separate set of books and that no additions were made to the old ones. The secretary of the company—J. W. Hillis, from whom the particular set of books was acquired—testified that prior to 1933 they had been left "where we could have used them if we had wanted to." When asked whether they had been in use during that time he said: "To a certain extent." The testimony of all of the witnesses indicates, and it has been found as a fact, that the J. W. Hillis books were never used after, but were discarded in, 1933.

The ruling of the Department (I. T. 1775, *supra*), applied and followed in *Crooks* v. *Kansas City Title & Trust Co.*, *supra*, is that the allowance for obsolescence "should be spread equally over the period from the date the permanent abandonment of the plant was foreseen to the date of the permanent abandonment." The Supreme Court adopted the essence of this construction in *Burnet* v. *Niagara Falls Brewing Co.*, *supra*, quoting with approval the definition of obsolescence as "the condition or process by which units gradually cease to be useful or profitable as a part of the property, on account of changed conditions," and holding that a brewery was warranted "in concluding that the period of obsolescence [of its plant] commenced about 1918 [when prohibition was imminent] and would end upon the taking effect of prohibition."

But petitioner is not claiming an allowance to be spread over the remaining useful life of a portion of its property. It merely determined that certain books, in which no postings had been made for approximately fifteen years, were no longer useful in its business. Accordingly it directed that they be "stored in a safe place." The petition alleges that the books had been "kept up to date by daily postings"; but the evidence does not support this allegation. The evidence indicates that a set of books which has not been kept up to date by daily postings soon becomes worthless. Inasmuch as no postings had been made to the Hillis books for fifteen years and inasmuch as they were discarded prior to the taxable years and were not thereafter used in petitioner's business, we are of the opinion and hold that the claimed deductions were properly disallowed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

LEECH, TURNER, and ARNOLD concur only in the result.