MICAJAH PRATT CLOUGH, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102138.   Promulgated September 12, 1941.

*T. G. Histon, Esq.,* for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $492.86 in the income tax of the petitioner for 1937. The Board adopts as its findings of fact the stipulation of the parties.

The petitioner is an individual who filed his return for 1937 in Massachusetts. The Commissioner, in determining the deficiency, increased income by $1,683.21, representing additional income for 1937 from the trust under the will of Harriet K. Clough. The latter, a resident of Massachusetts, died in 1935, possessed of an estate worth more than $1,500,000. Her estate was in process of settlement until December 31, 1936, when the executor closed the estate. The trust under the will was set up immediately out of the entire residue of the estate after the payment of specific bequests amounting to about $87,000. The Commonwealth of Massachusetts imposed an income tax of $8,207.30 upon the income of the estate for the calendar year. 1936. This tax was not due until and was paid by the trustee in 1937. It was deducted in computing the distributable income of the trust. The Commissioner disallowed the deduction. He thus increased the income of the petitioner, who was entitled to one-fourth of the income of the trust. The Commissioner explained that the income tax for 1936 was due from the estate, not the trust, and reduced the corpus rather than the income of the trust.

The petitioner contends that the Massachusetts income tax against the estate on 1936 income was a proper deduction for the trust in computing its 1937 income. Section 23 (c) of the Revenue Act of 1936 allows as a deduction "taxes paid or accrued within the taxable year." The Commissioner argues that the deduction is allowed only for taxes imposed upon the person who is claiming the deduction and these taxes were imposed upon the estate, a different "person" from the trust. Regulations 94, art. 23 (c)–1. The Massachusetts income tax was based upon income of 1936 belonging to the estate. A return and payment of the tax were required in 1937.

The petitioner fails to mention any statutory provision or any authority to show that the tax on the income of the estate was imposed upon the trustee or that the latter was doing more than paying an obligation of the estate when it made the payment in 1937. The case of *Hord* v. *Commissioner*, 95 Fed. (2d) 179, and the case of *Estate of John Edgerly Morrell*, 43 B. T. A. 651, are distinguishable because in each the state law made the beneficiary liable for the tax, whereas that is not so here and, furthermore, the beneficiary does not claim the deduction for himself, but only for the trust. The case of *Junius Beebe, Trustee*, 26 B. T. A. 190; affd., 67 Fed. (2d) 662, is not in point. There a Massachusetts inheritance tax imposed upon a trustee was properly deducted by the trustee under that part of section 23 (c) which allows inheritance tax to be deducted "only by the estate." Here the trustee paid a tax imposed upon another "person", a tax which had accrued prior to the creation of the trust and reduced the residue of the estate turned over to the trustee. *Roy J. O'Neil et al., Administrators*, 31 B. T. A. 727; *Herbert G. Perry et al., Executors*, 32 B. T. A. 513. Cf. *Pyramid Metals Co.*, 44 B. T. A. 1087. Payment did not reduce the 1937 income of the trust.

*Decision will be entered for the respondent.*