Marian A. Gallagher v. Commissioner.
Gallagher v. Commissioner
Docket No. 110487.
United States Tax Court
1944 Tax Ct. Memo LEXIS 271; 3 T.C.M. (CCH) 410; T.C.M. (RIA) 44136; May 2, 1944
*271 George A. Hooper, Esq., for the petitioner. Byron M. Coon, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: The respondent has determined an income tax deficiency of $141.53 for 1939, resulting from an adjustment explained in the deficiency notice as follows: The distributable income of Arthur J. Gallagher Trust for the year 1939 is increased $1,670.44, representing a disbursement by the trust for taxes accrued on real estate in the year 1938 prior to the death of Arthur J. Gallagher, and allowed as a deduction in the return of the said decedent for the period January 1, 1938 to August 7, 1938, under the provisions of Section 43, Revenue Act of 1938. [The Facts] The petitioner has an office address in Los Angeles, California, and her income tax return for 1939 was filed on the cash basis with the collector for the sixth California district. The sole item of income reported on said return is the amount of $6,141.63 derived from the Arthur J. Gallagher Trust. Arthur J. Gallagher, petitioner's husband, died August 7, 1938. His will directed his executor, the Milliken Trust Company, Decatur, Illinois, to pay all of his just debts, funeral expenses, costs of *272 administration, and all other costs and expenses arising out of or because of the provisions of the will, as soon after his decease as may be found convenient and proper. After provisions for money bequests to various persons, the remainder of the estate was given in trust to the Milliken Trust Company, one of the trust provisions in the will being as follows: "(b) My said Trustee shall lease said real estate to desirable tenants from time to time, and from the income derived from my entire trust estate, or if necessary from the principal of said trust estate, pay all taxes, assessments, governmental and other proper charges made or assessed against any of said trust property, maintain and improve the real estate and keep the improvements thereon insured, rebuild and add to the improvements thereon when necessary or advisable, and pay not less often than semi-annually the income remaining to my said wife, Marian Andrews Gallagher, for and during her lifetime." Provision is further made in the will for distribution of the proceeds of the trust corpus, after petitioner's death, to the nieces and nephews of the decedent's mother. Prior to Arthur J. Gallagher's death, Illinois real *273 estate taxes in the amount of $1,670.44 had accrued and become a lien upon his real property in Illinois. The said taxes were allowed as a deduction in computing decedent's Federal income tax liability for the portion of 1938 prior to his death. The Illinois real estate taxes were not paid by the Milliken Trust Company, as executor, or by petitioner as administratrix, w.w.a. In 1939, the Milliken Trust Company, in its capacity of trustee of the trust created under the decedent's will, paid said taxes out of income of the trust estate. On her income tax return for 1939, petitioner did not report as income the portion of the trust income which had been utilized by the trustee to pay decedent's real estate tax liability. The respondent added this amount to her income for the year and computed the deficiency herein involved accordingly. As sole income beneficiary of the trust created under the will of her deceased husband, the petitioner is required to report as her income all of the distributable income of the trust, whether or not actually distributed to her. Section 162 (b), Internal Revenue Code; Freuler v. Helvering, 291 U.S. 35, 78 L. Ed. 634, 54 S. Ct. 308 (1934). What we must *274 determine is whether the item of $1,670.44 should have been included in the distributable income of the trust. We have held consistently that an estate or trust may not claim as a deduction from income, a payment in discharge of an obligation of a decedent or other antecedent taxpayer; Micajah Pratt Clough, Jr., 45 B.T.A. 97; Milton H. Friend, et al., 40 B.T.A. 768, 774, affirmed (C.C.A., 7th Cir.), 119 F.2d 959, certiorari denied, 314 U.S. 673 (1941); Estate of Jacob S. Hoffman, 36 B.T.A. 972; Herbert G. Perry, et al., Executors, 32 B.T.A. 513; Florence O. R. Lang, et al., Executors, 32 B.T.A. 522; Roy J. O'Neil, et al., Administrators, 31 B.T.A. 727; John M. Brown, Executor, 11 B.T.A. 1203. Micajah Pratt Clough, Jr., supra, presented a situation almost identical to the one herein. The petitioner there was entitled to one-fourth of the income of a trust created under a *275 will. While the antecedent estate was in the process of administration, and before the trust was set up, Massachusetts income taxes accrued upon income of the estate. Said taxes were paid by the trustee after the trust came into being. We pointed out that by so doing "the trustee paid a tax imposed upon another 'person,' a tax which had accrued prior to the creation of the trust and reduced the residue of the estate turned over to the trustee." We therefore held that the payment did not reduce the income of the trust. The Clough case is controlling here. The Illinois real estate taxes paid by the trustee and sought to be excluded from the distributable income of the Arthur J. Gallagher Trust had accrued prior to the decedent's death. The decedent instructed his executor to pay all of his just debts, but these taxes which were among said debts had not been paid when the trust came into being. When the trustee paid the taxes it was satisfying the tax liability of a taxpayer other than the trust. The payment merely reduced the corpus of the trust to the amount which the executor should have turned over to the trustee in the first instance. The income of the trust was not reduced *276 by the payment. The petitioner raises the point that the provisions of the will creating the trust specifically authorized the trustee to pay the decedent's prior tax liability. This argument is based on paragraph (b) of the will, quoted fully above, which directs the trustee to pay [from] the trust income "all taxes, assessments, governmental and other proper charges made or assessed against any of said trust property." The petitioner cites Bessie B. Hopkinson, 42 B.T.A. 580, affirmed (C.C.A., 2nd Cir., 1942), 126 F.2d 406; Mary Helen Cadwalader, 27 B.T.A. 1078; and August Bliss Reese, 29 B.T.A. 565; as authorities for the proposition that distributable income, taxable to a trust beneficiary, should not include payments which the trustee is authorized to make under the trust instrument or a reasonable construction thereof. However, the cases cited are clearly distinguishable from the situation before us. There is nothing in Gallagher's will which shows that the testator intended that his estate be administered in anything but the customary manner. He directed *277 that his debts, which included the tax liability now under discussion, be paid by his executor. If this had been done the question now being considered would not have arisen. The will further provided that the remainder of the estate should go to the trustee. What was here received by the trustee included an amount which should have been applied by the executor in discharge of the taxes and the payment thereof by the trustee had the effect of reducing the corpus of the trust and not the income. The instruction to the trustee to pay from the trust income "all taxes * * * assessed against any of said trust property" applies only to such taxes as attached to the property during the course of the trusteeship. Taking the will as a whole, we are of the opinion that it was not the intention of the testator that the trustee should pay out of trust income debts which the executor had already been instructed to pay. The cases cited by petitioner, therefore, have no application to the situation before us. We conclude and hold that the respondent properly increased petitioner's income for 1939 by the amount of $1,670.44. Decision will be entered for the respondent.